# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN AIRE FOR AIR CONDITIONING W.L.L., <br><br> Plaintiff, <br><br> v. <br><br> MOHAMED FAROUK SALEM, <br><br> Defendant. <br> _____/ | Case No. 1:18-cv-00873-LJO-SKO <br><br> **ORDER RE DEFENDANT'S DISCOVERY MOTIONS** <br><br> (Docs. 12, 13, 14) |

## I. INTRODUCTION

On December 11, 2019, twelve days after the non-expert discovery deadline passed, Defendant filed motions seeking to compel Plaintiff's responses to: (1) Special Interrogatories, (2) Requests for Production, and (3) Requests for Admission. (Docs. 12, 13, 14.) Plaintiff has not filed any opposition.

Having reviewed the motions and supporting documents, and in view of Plaintiff's failure to oppose, the motions are deemed suitable for decision without oral argument, and the Court hereby vacates the hearing set for January 8, 2020. For the reasons set forth below, the motions are denied without prejudice.

## II. DISCUSSION

**A.    Relevant Background**

On June 25, 2018, Plaintiff filed this trademark infringement case against Defendant. (Doc. 1.) Plaintiff and Defendant are former business partners and Plaintiff alleges Defendant wrongfully used information owned by Plaintiff to operate a new business after the partnership ended. (*See id.* ¶ 1, 9, 13.) The complaint alleges claims for cybersquatting under the Lanham Act, misappropriation of trade secrets, and conversion. (*See generally id.*)

On October 23, 2018, the Court entered a scheduling order, setting the non-expert discovery deadline for November 29, 2019, the expert disclosures deadline for December 6, 2019, the rebuttal expert disclosures deadline for December 16, 2019, the expert discovery deadline for January 10, 2020, a settlement conference for January 23, 2020 before Magistrate Judge Erica P. Grosjean, the dispositive motions filing deadline for January 31, 2020, and a trial date of July 7, 2020. (Doc. 10.)

On September 23, 2019, approximately eleven months after discovery commenced, Defendant served his first set of Special Interrogatories, first set of Requests for Production, and first set of Requests for Admission. (*See* Doc. 12 at 5; Doc. 13 at 5; Doc. 14 at 5.) On October 31, 2019, Plaintiff's counsel emailed Defendant's counsel requesting a three-week extension to respond to the discovery requests. (Doc. 12 at 5–6.) Defendant's counsel was "unaware" of Plaintiff's counsel's email. (*See id.* at 6.) Defendant's counsel sent Plaintiff's counsel a letter on November 12, 2019, demanding responses by no later than November 15, 2019. (*Id.*)

On November 15, 2019, Plaintiff's counsel requested another extension to respond by no later than November 21, 2019. (*Id.*) On November 18, 2019, Defendant's counsel agreed to the November 21, 2019 extension, and advised Plaintiff's counsel that if no responses were served by November 21, 2019, Defendant would file a motion to compel. (*Id.*) On December 4, 2019, Defendant's counsel sent a letter to Plaintiff's counsel via email, fax, and regular mail, "in an attempt to meet and confer regarding discovery and stated her intent to seek resolution through an informal

discovery process with Judge Oberto." (*Id.*) Defendant's counsel also "left messages with [Plaintiff's counsel's] office." (*Id.*) Plaintiff's counsel did not respond to any of Defendant's counsel's attempts to meet and confer. (*Id.*) Defendant then filed these motions to compel on December 11, 2019. (Docs. 12, 13, 14.)

**B.    The Motions to Compel Are Denied Without Prejudice.**

    **1.    Defendant's Motions to Compel are Untimely.**

District courts have broad authority in managing discovery. *See, e.g., Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Although the Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, motions to compel filed after the close of discovery generally are deemed untimely." *Thomason v. City of Fowler*, No. 1:13-CV-00336-AWI-BAM, 2014 WL 4436385, at *4 (E.D. Cal. Sept. 9, 2014) (citing cases). However, "the matter is left to the broad discretion possessed by the district courts to control discovery." *Id.* (citation omitted).

The Court's scheduling order in this case states as follows regarding motions to compel:

> The parties are ordered to complete all non-expert discovery, **including motions to compel any non-expert discovery**, on or before November 29, 2019 and all expert discovery, **including motions to compel any expert discovery**, on or before January 10, 2020. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(Doc. 10 at 3) (emphasis in original).

District courts have frequently denied motions to compel filed after the close of discovery. *See, e.g., Stevenson v. Holland*, No. 1:16-cv-01831-AWI-JLT, 2019 WL 4747644, at *6 (E.D. Cal. Sept. 30, 2019) ("[T]he untimeliness of a motion to compel 'is sufficient ground, standing alone, to deny a discovery motion'") (citation omitted); *Vanderbusch v. Chokatos*, No. 1:13-cv-01422-LJO-EPG (PC), 2018 WL 3031488, at *4 (E.D. Cal. June 15, 2018); *Pacific Marine Center, Inc. v.*

*Philadelphia Indemnity Insurance Company*, No. 1:13-cv-00992-DAD-SKO, 2016 WL 110291, at *4 (E.D. Cal. Jan. 11, 2016); *Watts v. Allstate Indem. Co.*, No. 2:08-cv-01877 LKK KJN, 2012 WL 5289314 (E.D. Cal. Oct. 23, 2012) ("Motions to compel such discovery had to have been heard 30 days before [the discovery] cutoff in order for discovery to be completed by the cutoff"); *Lacy v. Am. Biltrite, Inc.*, No. 10CV0830 JM RBB, 2012 WL 909309, at *1 (S.D. Cal. Mar. 16, 2012) ("the discovery cutoff includes hearings on motions to compel and discovery ordered as a result of a motion to compel."). An untimely filing may be allowed based upon a showing of excusable neglect under Rule 6(b). *See, e.g., Victory v. Barber*, No. 1:05-CV-01578-LJO-DLB PC, 2010 WL 4362813, at *2 (E.D. Cal. Oct. 28, 2010).

Here, Defendant filed his motions to compel on December 11, 2019, (Docs. 12, 13, 14), twelve days after the November 29, 2019 non-expert discovery deadline passed,[1] (*see* Doc. 10), and noticed the motions for hearing on January 8, 2020, forty days after the deadline passed and about three weeks before dispositive motions are due. Defendant's motions contain no explanation as to why the motions were untimely filed and Defendant fails to even acknowledge that the motions are untimely. Thus, Defendant has not shown excusable neglect under Rule 6(b) to justify the untimely motions. *See* Fed. R. Civ. P. 6(b)(1)(B). Further, Defendant makes no attempt to explain why he failed to serve his initial discovery requests almost *one year* after discovery commenced. Accordingly, Defendant's motions to compel must be denied as untimely.[2]

---

[1] There is no indication in Defendant's motions that the discovery requests are related to expert discovery. Defendant indicates only that the requests are seeking "the identification of Plaintiff's person most knowledgeable on several key topics" and "further information on Plaintiff's trademark." (*See, e.g.,* Doc. 12-1 at 2.) Defendant did not attach to the motions any of the discovery requests to which he seeks responses, so the Court is unable to ascertain the precise nature of the requests.

[2] Defendant's motion to compel responses to Requests for Admission, (Doc. 14 at 8), also requests "an order deeming all requests admitted." The failure to timely respond to Requests for Admission results in automatic admission of the matters requested, Fed. R. Civ. P. 36(a)(3), and "[n]o motion to establish the admissions is needed because [Rule 36(a)] is self executing." *Fed. Trade Comm. v. Medicor LLC*, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). Once admitted, the matter is conclusively established "unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Thus, that request is denied for the additional reason that it is unnecessary and moot.

4

**2.    Defendant Has Not Demonstrated Good Cause to Modify the Scheduling Order.**

Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order "only for good cause." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). A trial court may also consider prejudice to any opposing party in ruling on a motion to modify the scheduling order. As to the consequences of disregarding scheduling order deadlines, the Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (citation omitted).

The consideration of the motions and ordering the requested discovery produced would also necessarily require modification of the scheduling order because non-expert discovery has closed, expert discovery closes in less than a week, and the dispositive motion filing deadline is in approximately three weeks. *See Pacific Marine Center*, 2016 WL 110291, at *5 (party seeking to compel discovery after discovery has closed must show good cause to modify the scheduling order). Defendant has made no attempt to show good cause to modify the scheduling order, nor does he acknowledge that any modification of the scheduling order would be necessary in order to grant his requested relief. (*See* Docs. 12, 13, 14.)

**C.    The Motions to Compel Will be Denied Without Prejudice.**

Because Defendant failed to address excusable neglect under Rule 6(b) and good cause under

Rule 16(b)(4), the Court will deny without prejudice Defendant's motions to compel. *See, e.g., Allianz Sigorta, A.S. v. Ameritech Industries, Inc.*, No. 2:15-cv-1665 MCE AC, 2016 WL 4261839, at *1 (E.D. Cal. Aug. 12, 2016). As the non-expert discovery deadline and other deadlines have passed, and the dispositive motions deadline is imminent, **in any renewed motion(s) to compel, in addition to addressing excusable neglect under Rule 6(b), Defendant must address Rule 16(b)(4) and show good cause for modifying the scheduling order.** <u>Further, any renewed motion(s) must attach copies of the discovery requests to which Defendant is seeking responses.</u>

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

The Motions to Compel Responses to Special Interrogatories, Requests for Production, and Requests for Admission, (Docs. 12, 13, 14), are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **January 6, 2020**         /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE